IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANGELA DENISE NAILS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 1:21-cv-794-RAH-JTA |
| v. | ) | |
| | ) | (WO) |
| NAPIER FIELD POLICE | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is the Amended Complaint (Doc. No. 10) filed by *pro se* Plaintiff Angela Denise Nails, who is proceeding *in forma pauperis*. (Doc. No. 5.) For the reasons stated below, the court recommends this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted and as frivolous pursuant to § 1915(e)(2)(B)(i).

## I.     STANDARD OF REVIEW

When a litigant is allowed to proceed *in forma pauperis* in this court, the court will screen the litigant's complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2) requires a district court to dismiss the complaint of a party proceeding *in forma pauperis* whenever the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks

monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The standard that governs a dismissal under Federal Rule of Civil Procedure 12(b)(6) also applies to dismissal for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). In applying this standard, the complaint of a *pro se* plaintiff must be liberally construed. *Douglas*, 535 F.3d at 1320. Nevertheless, the factual allegations in the complaint must state a plausible claim for relief, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and the court is not "'bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (applying *Twombly* to a *pro se* complaint). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. 662, 678. *See also Twombly*, 550 U.S. at 555 (holding that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

A claim is subject to dismissal as frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)); *Tucker v. Trump*, No. 1:17-CV-291-MW-GRJ, 2017 WL 8681936, at *1 (N.D. Fla. Dec. 11, 2017), report and recommendation adopted, No. 1:17CV291-MW/GRJ, 2018 WL 1542389 (N.D. Fla. Mar. 29, 2018). A frivolous claim is one that "has little or no chance of success" – for example, when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless," *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted), because the plaintiff "seeks to enforce a right which clearly does not exist, or there is an affirmative defense which would defeat the claim, such as the statute of limitations, res judicata, collateral estoppel, or absolute immunity." *Tucker*, 2017 WL 8681936, at *1 (citing *Neitzke*, 490 U.S. at 327 and *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990)).

Liberal construction is afforded to *pro se* pleadings because they are not drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))); *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) ("'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" (quoting

3

*Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998))). However, the leniency afforded the construction of *pro se* pleadings is not license for the court "'to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading . . . to sustain a cause of action." *Nails v. AmeriCredit*, No. CIV.A. 2:10CV826, 2011 WL 310254, at *1 (M.D. Ala. Jan. 6, 2011), report and recommendation adopted, No. 2:10CV826-MHT, 2011 WL 304790 (M.D. Ala. Jan. 28, 2011) (quoting *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (citations omitted), overruled on other grounds by *Iqbal*, 556 U.S. 662). "While the pleadings of *pro se* litigants are liberally construed, they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (internal citations and quotation marks omitted).

## II.   JURISDICTION

This court has subject matter jurisdiction over this action based on federal question jurisdiction, 28 U.S.C. § 1331, as Plaintiff appears to allege claims of constitutional violations under 42 U.S.C. § 1983.

## III.   FACTS AND PROCEDURAL HISTORY

On April 12, 2012, Plaintiff filed a Complaint naming as Defendants the Napier Field Police Department, Charles Duncan, Chief Smith, and Debra Mimes. (Doc. No. 1, Case No. 12-cv-338-WKW-CSC.) In that Complaint, Plaintiff alleged that, "[d]uring the

years of 2009-2011," she lived[1] in an apartment complex in Napier Field, Alabama. (*Id*.)
The gist of her Complaint was that, while she was living in the Napier Field apartment, she
was harassed and endangered by one or more of her neighbors, other individuals, and a
neighbor's loose dog. She called Napier Field police for help during these situations, but
the police were unhelpful. Liberally construed, the Complaint suggests Plaintiff may have
attempted to allege that the police discriminated on the basis of her race in the course of
responding or not responding to her calls. In addition, Plaintiff alleges that the police
contacted her landlord and "started the ball rolling" to have Plaintiff evicted from the
apartment complex. (Doc. No. 1 at 7, Case No. 12-cv-338-WKW-CSC.) On June 5, 2012,
the court dismissed Plaintiff's Complaint without prejudice for failure to pay the filing fee.
(Doc. No. 11, Case No. 12-cv-338-WKW-CSC.)

On November 29, 2021, Plaintiff again filed the exact same Complaint as the one
she filed on April 12, 2012. (Doc. No. 1.)[2] She also filed a motion for leave to proceed *in
forma pauperis*, which the court granted. (Docs. No. 2, 5.)

On January 6, 2022, in accordance with its obligations to screen the Complaint prior
to service of process pursuant to 28 U.S.C. § 1915(e), the court entered an Order stating:

---

[1] Apparently, Plaintiff now lives in Savannah, Georgia. (Doc. No. 1 at 13.)

[2] Unless otherwise indicated, all citations to the record refer to documents filed in this present
case.

>Upon thorough review of Plaintiff's Complaint, the court finds it contains several deficiencies and is devoid of sufficient facts. Specifically, Plaintiff's Complaint does not allege a cause of action or count against the defendants, nor provide a basis for federal jurisdiction. The Complaint also fails to identify the specific dates on which the unlawful conduct occurred. In other words, Plaintiff's Complaint lacks the requisite factual specificity and leaves the court to guess what exactly she is claiming, why she is asserting claims against the named defendants, when the claims arose, and how the facts represent a violation of federal or state law.

(Doc. No. 9 at 3.)

The court ordered Plaintiff to file an amended complaint and provided specific instructions for doing so, including ordering Plaintiff to specifically set forth "the names of the individuals who were personally responsible for the actions about which Plaintiff complains, the specific actions for which Plaintiff complains *and the dates on which those actions were taken*." (*Id*. at 4 (emphasis added).)

On January 18, 2022, Plaintiff filed her Amended Complaint. (Doc. No. 10.) The Amended Complaint remedies some, but not all, of the deficiencies in the original Complaint. Notably, the Amended Complaint does not state the dates of any alleged acts or omissions that give rise to this action.

## IV.   ANALYSIS

Plaintiff's amended complaint does not comply with the Court's order[3] to set forth "the specific actions for which Plaintiff complains *and the dates on which those actions*

---

[3] "Plaintiff Angela Nails [is] a frequent *pro se* litigant in this Court." *Nails*, 2011 WL 310254, at *1. As of the date of this Recommendation and Order, she has filed at least sixty-six actions in the

*were taken*." (Doc. No. 10 at 4 (emphasis added)). Nevertheless, it is plain that the allegations giving rise to this lawsuit arose prior to April 12, 2012, because Plaintiff's original Complaint is identical to the one she filed on that date in Case Number 12-cv-338-WKW-WC, and because her original Complaint in this action states that the events giving rise to her claims occurred while she was living in the apartment complex in Napier Field "[d]uring the years of 2009-2011." (Doc. No. 1 at 1.) Though the Amended Complaint does not specify any dates of alleged acts or occurrences, the Amended Complaint arises out of incidents that occurred while Plaintiff was living in the Napier Field apartment complex.

While it is unclear what precise causes of action Plaintiff is attempting to raise in this lawsuit, the Complaint and Amended Complaint do not allege facts that would suggest that any statute of limitations was tolled[4] or that Plaintiff is seeking to assert a claim that has a statute of limitations of ten years or longer. Even the most generous construction of the Amended Complaint does not lend itself to the inference that Plaintiff is asserting a cause of action that could possibly still be within the statute of limitations; the acts and omissions giving rise to Plaintiff's claims appear to have occurred between 2009 and 2011 and could not have occurred after April 14, 2012. *See generally* Ala. Code 1975 §§ 6-2-30

---

United States District Court for the Middle District of Alabama. Though *pro se*, she is not an inexperienced litigant, and she is familiar with the necessity of complying with the court's orders.

[4] Indeed, that Plaintiff was not hindered by health or circumstance from filing suit within the statute of limitations is evident from the fact that she *did* file suit in 2012.

through -41 (setting forth the statutes of limitations for various state law[5] claims). Alabama has a two-year statute of limitations for personal injury actions. Ala. Code 1975 § 6-2-38. "Constitutional claims under § 1983 are tort actions subject to the statute of limitations for personal injury actions in the state where the action is filed, which in Alabama is two years."[6] *Stokes v. Danzey*, No. 1:21-CV-467-WHA-KFP, 2021 WL 5501110, at *2 (M.D. Ala. Nov. 1, 2021), report and recommendation adopted, No. 1:21-CV-467-WHA-KFP, 2021 WL 5500499 (M.D. Ala. Nov. 23, 2021) (citing *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008)).

Accordingly, the court recommends that this action be dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to § 1915(e)(2)(B)(ii) and as frivolous pursuant to § 1915(e)(2)(B)(i). *See Smith v. Mercer*, 580 F. App'x 871 (11th Cir. 2014) (affirming dismissal of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) on the

---

[5] Plaintiff appears to be a Georgia citizen. The Amended Complaint does not specify the citizenship of Defendants. Though the Amended Complaint falls short of this court's January 6, 2022 Order to "allege a basis for federal jurisdiction and specific facts supporting federal jurisdiction," (Doc. No. 9 at 4), nothing in the Amended Complaint gives cause to suspect that any Defendant may be a citizen of the same state as Plaintiff. Plaintiff states that she seeks "over $75,000" in damages. (Doc. No. 10 at 5.) From the Amended Complaint, it appears that Plaintiff is alleging diversity jurisdiction under 28 U.S.C. § 1332(a). Therefore, the court considered whether Plaintiff could possibly be asserting any state law claims that are still within the applicable statute of limitations. The allegations in the complaint do not appear to state any civil law claims against Defendants, and certainly not any state law claims that fall among those few causes of action having a statute of limitations longer than 6 years. *See* Ala. Code 1975 §§ 6-2-30 through -41 (setting out various statutes of limitations).

[6] Most generously construed, Plaintiff's Amended Complaint appears to assert that Defendants, while acting under color of state law, deprived her of equal protection in violation of 42 U.S.C. § 1983.

ground that the plaintiff's § 1983 claims were "irremediably barred by the statute of limitations"); *Allen v. King*, 279 F. App'x 847, 848 (11th Cir. 2008) (affirming dismissal of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) on the ground that the plaintiff's § 1983 claim was barred by the  statute of limitations); *see also Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (affirming dismissal of Section 1983 claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) on grounds that no set of facts existed in which the plaintiff's claims could fall within "Alabama's two-year statute of limitations applicable to § 1983 actions"); *Clark*, 915 F.2d at 640 ("Even if the complaint legally states a claim and the facts are not fantastic, a dismissal on grounds of frivolousness might be justified. For example, if the district court sees that an affirmative defense would defeat the action, a [§ 1915(e)(2)(B)(i)] dismissal is allowed.").

## V.    CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this action be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted and as frivolous pursuant to § 1915(e)(2)(B)(i).

It is further ORDERED that on or before **January 9, 2023**, Plaintiff may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusory, or general objections will not be considered by the District Court. Plaintiff is

advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the proposed findings and legal conclusions in the Recommendations of the Magistrate Judge shall bar a party from a de novo determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; see *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 23rd day of December, 2022.

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE